# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHWEST DIVISION

| | |
|---|---|
| AMBER BOYER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:17-cv-05053-SRB |
| | ) |
| SCHNEIDER ELECTRIC HOLDINGS, INC. | ) |
| LIFE AND ACCIDENT PLAN, | ) |
| SCHNEIDER ELECTRIC HOLDINGS, INC., | ) |
| and UNUM LIFE INSURANCE COMPANY | ) |
| OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Motion to Modify Scheduling Order and Suggestions in Support (Doc. #27). For the following reasons the motion is DENIED.

### I.  Background

This case arises out of the denial of accidental death benefits following a single-car accident and subsequent death of Eric Boyer. Plaintiff alleges Defendants' denial was based on the crime exclusion in Mr. Boyer's life insurance policy. The crime exclusion states, in pertinent part, "[y]our plan does not cover any accidental losses caused by, contributed to by, or resulting from . . . an attempt to commit or commission of a crime." (Doc. #30, p. 2). Plaintiff alleges Defendants invoked the crime exclusion because Mr. Boyer was speeding and passing cars in a no-passing zone. (Doc. #30, p. 2).

Plaintiff requests the scheduling order be altered to allow additional time for designation of additional experts. Plaintiff argues she discovered a document regarding the application of the

1

crime exclusion detailing exceptions to the crime exclusion during a recent document review.[1] This document is included in the Benefits Center Claims Manual. The document included the following language: "'Attempt to commit' or 'commission' policy language [in the crime exclusion] was not intended to apply to activities which would generally be classified as traffic violations." (Doc. #30-1, p. 2). Plaintiff argues, "[I]t is now necessary that Plaintiff call an expert to testify about 'traffic violations' and those acts (likely including speeding and improper passing) that would be included within the category." (Doc. #30, pp. 2-3). Defendants argue that, under Eighth Circuit law, evidence not presented to the administrator during the claims process is inadmissible on review. Defendants also argue Plaintiff's breach of contract claim is preempted by her ERISA claim.

II.     **Discussion**

Amendments to a scheduling order are only allowed for good cause. Fed. R. Civ. P. 16(b)(4). The Advisory Committee Notes to the Federal Rules of Civil Procedure make clear that good cause is shown when the schedule cannot reasonably be met despite the diligence of the party seeking the extension. Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendments.

This Court finds Plaintiff failed to establish good cause. Plaintiff did not provide any authority to support her position or to undermine Defendants' reliance on Eighth Circuit case law. (Doc. #28) (citing *Jones v. Aetna Life Ins. Co.*, 856 F.3d 541, 549 (8th Cir. 2017); *Phillips-Foster v. Unum Life Ins. Co. of Am.*, 302 F.3d 785, 794 (8th Cir. 2002); *Brown v. Seitz Foods, Inc.*, 140 F.3d 1198, 1200 (8th Cir. 1998); *Cash v. Wal-Mart Group Health Plan*, 107 F.3d 637, 641 (8th Cir. 1997)). Instead, Plaintiff summarily asserted, without any support or further

---

[1] Defendants argue Plaintiff was provided a full copy of the administrative record in February 2017. Plaintiff argues the relevant document was not produced until June 2018.

explanation, that the proposed expert testimony would "not expand the record beyond the evidence before the administrator." (Doc. #30, p. 4).

Plaintiff cites only two cases, neither of which advance her position. Plaintiff cites *Finley* for the factors a court considers when deciding whether a plan administrator's decision was reasonable. *Finley v. Special Agents Mut. Benefits Ass'n*, 957 F.2d 617, 621 (8th Cir. 1992). Yet, there is no disagreement over this standard nor does this standard address the heart of the present matter. Plaintiff also cites *Cash* but only to the extent necessary to recite Defendants' argument. *Cash*, 107 F.3d at 641-42. Plaintiff makes no attempt to distinguish *Cash* from the present matter.

Therefore, this Court finds Plaintiff has failed to establish good cause.

### III. Conclusion

Plaintiff's Motion to Modify Scheduling Order and Suggestions in Support (Doc. #27) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2018